FILED

2015 JAN 20 PM 3: 54

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ELLA ZIMMERMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br># A1 DIABETES & MEDICAL SUPPLY, INC., a Florida corporation,<br><br>*Defendant.* | Case No. 6:15-cv-77-ORL-18-DAB<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Ella Zimmerman ("Zimmerman") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant # A1 Diabetes & Medical Supply, Inc. ("A1 Diabetes") to stop its practice of making unsolicited calls to the telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant A1 Diabetes claims to be "a national leader in home delivery of diabetes testing supplies and other home medical supplies".[1]

2. Unfortunately for consumers, in an attempt to market and sell Defendant's services, Defendant A1 Diabetes repeatedly made unsolicited promotional telephone calls to

---

[1] http://a1diabetes.com/about.html

1

Plaintiff and the other members of the putative Class's telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance, as well as the invasion of privacy, that necessarily accompanies the receipt of unsolicited and harassing telephone calls and the monies paid to their telephone carriers for the receipt of such telephone calls.

4. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Ella Zimmerman is a natural person and citizen of the State of Pennsylvania.

6. Defendant # A1 Diabetes & Medical Supply, Inc. is a corporation existing under the laws of the Florida with its principal place of business located at 2092 Sarno Road, Melbourne, Florida 32935. Defendant A1 Diabetes regularly conducts business throughout this District, the State of Florida, and the United States.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because Defendant resides in this District, conducts

significant business transactions in this District, solicits consumers in this District, and because it made and continues to make unsolicited calls in this District.

8. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District and because Defendant conducts significant business transactions in this District.

## COMMON FACTUAL ALLEGATIONS

9. Defendant A1 Diabetes provides patients with medical equipment in a timely and cost effective manner, with the highest level of service possible[2]. However, in its pursuit of marketing those services, A1 Diabetes has turned to unsolicited telemarketing as a way to increase its customer base. Widespread telemarketing is a primary method by which Defendant recruits new customers. In fact, Defendant operates one call center out of a Memphis, Tennessee location.[3]

10. Defendant made (and continues to make) these telemarketing calls to consumers nationwide without their prior express consent to do so, and Defendant may make these calls as part of its Medicare Competitive Bidding Contract program.

11. Online consumer complaints related to the phone number (662) 298-4243 are legion.[4] Complaints range from consumers answering calls and hearing a rude representative stating diabetic supplies are ready, to many calls per day without leaving a message, and robocalls about diabetes medication.

12. Likewise, Defendant places repeated and unwanted calls to consumers whose phone numbers are registered with the National Do Not Call Registry. Consumers register their

---

[2] http://a1diabetes.com/about.html
[3] https://www.ziprecruiter.com/job/Call-Center-Floor-Supervisor/caeb88e8
[4] *See, e.g.,* http://800notes.com/Phone.aspx/1-662-298-4243, http://mrnumber.com/1-662-298-4243/complaints, and http://www.bbb.org/central-florida/business-reviews/diabetes-services-and-supplies/a1-diabetes-and-medical-supply-in-melbourne-fl-90200305/complaints#sthash.quRDLmOP.dpuf

3

phone numbers on the Do Not Call list for the express purpose of avoiding unwanted telemarketing calls like those alleged here.

13. Defendant is fully aware that these calls are being made through its own efforts and carried out through its own in-house call center.

14. Defendant knowingly made (and continues to make) these telemarketing calls without the prior express consent of the call recipients and knowingly continues to call them after requests to stop. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

### FACTS SPECIFIC TO PLAINTIFF ZIMMERMAN

15. Starting in or around November 2014, Plaintiff Zimmerman began receiving calls on her cellular telephone from the phone number (662) 298-4243.

16. When Plaintiff answered one of the calls, the telemarketer knew Plaintiff's full name and indicated that she was calling from "A1 Diabetes" and asked if Plaintiff had diabetes or arthritis. Plaintiff recognized the name A1 Diabetes due to the numerous messages left on her phone regarding a diabetes medication order. Plaintiff informed the telemarketer that she did not have diabetes and did not place an order for supplies.

17. Plaintiff does not have a relationship with Defendant, has never provided her telephone number directly to Defendant, or requested that Defendant place calls to her or offer her its services. Simply put, Plaintiff has never provided her prior express consent to Defendant to place calls to her and has no business relationship with Defendant.

18. Plaintiff's wireless telephone number has been registered with the National Do Not Call Registry since August 12, 2011, for the explicit purpose of avoiding telemarketing calls just like those alleged in this case.

19. In the previous twelve months, Plaintiff has received numerous, and no less than seven, phone calls from Defendant.

20. As a result of Defendant's intrusive calls, which adversely affected Plaintiff's rights to privacy, Plaintiff suffered harm in the form of monies paid to her wireless carrier.

21. Defendant is and was aware that the above-described telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them and whose telephone numbers were registered with the National Do Not Call Registry.

## CLASS ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and a class defined as follows (the "Class"):

> All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendant A1 Diabetes that promoted Defendant A1 Diabetes' services; (3) within a 12-month period; and (4) for whom Defendant has no current record of consent to place such calls to him or her.

Excluded from the Class are (1) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person, and (5) Plaintiff's counsel and Defendant's counsel.

23. **Numerosity:** The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

24. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct constitutes a violation of the TCPA;

(b) Whether Defendant systematically made telephone calls to members of the Class who Defendant did not have a current record of consent to make such telephone calls;

(c) Whether Defendant systematically made telephone calls to members of the Class whose telephone numbers were registered with the National Do Not Call Registry; and

(d) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

26. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief

appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

27. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

28. 47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

29. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

30. 47 C.F.R. § 64.1200 (e), provides that § 64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

31. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

32.  Defendant violated § 64.1200 (c) by initiating, or causing to be initiated, telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in § 64.1200 (d)(3).

33.  Defendant made more than one unsolicited telephone call to Plaintiff and members of the Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

34.  Defendant violated § 64.1200 (d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Class, without instituting

procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

35. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone calls in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of § 64.1200.

36. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ella Zimmerman, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Ella Zimmerman as the representative of the Class, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**ELLA ZIMERMAN**, individually and on behalf of all others similarly situated,

Dated: January 15, 2015

By: /s/ Stefan Coleman

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946